USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

Strike 3 Holdings, LLC,

Plaintiff,

-against-

John Doe, subscriber assigned IP address: 68.129.119.101,

Defendant.

---------------------------------------------------------------X

26-cv-07163-JGLC-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

On August 21, 2026, Plaintiff Strike 3 Holdings, LLC, commenced this copyright infringement action against Defendant John Doe, alleging that Defendant "downloaded, copied, and distributed" its adult film content through a peer-to-peer filesharing network without its consent. (ECF No. 1 at 8 ¶¶ 47–49). Defendant is identified only by their IP address. (*Id.* at 1 ¶ 1). Plaintiff now moves for leave to serve a third-party subpoena on Verizon Fios, Defendant's internet service provider (ISP), pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. (ECF No. 6). It seeks to identify Defendant's name and address. (*Id.*). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure generally prevents a party from seeking discovery before all parties engage in a conference. *See* Fed. R. Civ. P. 26(d)(1), (f); *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019). But Rule 26 also provides that such expedited discovery can

occur if a court order allows it. *See* Fed. R. Civ. P. 26(d)(1); *Strike 3 Holdings, LLC*, 329 F.R.D. at 520. When a party seeks expedited discovery before a Rule 26(f) conference, "courts apply a flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC*, 329 F.R.D. at 520 (internal quotation marks and citations omitted). In doing so, the Second Circuit has stated that courts should consider five "principal factors:" "(1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citation modified) (explaining five principal factors analysis "constitutes an appropriate general standard [in cases of alleged copyright infringement] for determining whether a motion to quash, to preserve the objecting party's anonymity, should be granted.").

Plaintiff is no stranger to these types of expedited discovery motions. Similar motions were granted by other judges in this District on at least three occasions in recent months after each concluded that the five principal factors weighed in favor of allowing Plaintiff to serve a subpoena on a nonparty ISP. *See Strike 3 Holdings, LLC v. Doe*, 26-cv-7159 (LJL), 2026 WL 2676593, at *1–3 (S.D.N.Y. Sept. 11, 2026); *Strike 3 Holdings, LLC v. Doe*, 26-CV-3257 (RA); 2026 WL 2269182, at *1–3 (S.D.N.Y. Aug. 6, 2026); *Strike 3 Holdings, LLC v. Doe*, 26-CV-5113 (AT) (RWL), 2026 WL 2269184, at *1–3 (S.D.N.Y. Aug. 6, 2026).

Applying the five factors here compels this Court to reach the same conclusion. First, Plaintiff has made a prima facie showing of actionable harm through copyright infringement because it sufficiently alleged that it owns the copyright to the material at issue and that Defendant downloaded, copied, and distributed that material through a peer-to-peer filesharing network without Plaintiff's consent. *See Strike 3 Holdings, LLC*, 2026 WL 2676593, at *1 (finding first factor satisfied where party alleged use of filesharing network to distribute copyrighted material).

Second, Plaintiff's discovery request is specific; it seeks only the name and physical address of the subscriber associated with the Defendant's IP address. *See id.* (finding second factor satisfied where subpoena sought name and address of subscriber). Third, Plaintiff demonstrates that it cannot obtain this information any other way, because the ISP is the only entity capable of "correlating the IP address with John Doe's identity." (ECF No. 7 at 5). *Strike 3 Holdings, LLC*, 2026 WL 2676593, at *2 (finding third factor met because "[t]he only entity that can connect a user's IP address to their identity is the user's internet service provider."). Fourth, without Defendant's identity, Plaintiff is unable to serve them and this case cannot move forward. *See id.* (finding fourth factor met because "[u]nless the ISP identifies the user, the case cannot move forward"). Fifth, and finally, Plaintiff's interest in acquiring Defendant's identity to effect service outweighs the privacy interest Defendant has as an ISP

subscriber. *See id.* (finding fifth factor satisfied because balance of interests favored disclosure for the purpose of service).

Thus, each of the five factors weighs in favor of granting Plaintiff's request for leave to serve a nonparty subpoena. *See id.* "In cases involving the distribution of adult content, however, courts have regularly found that a protective order should issue in connection with the subpoena in light of the substantial risk for false positive identifications that could result in annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (internal quotation marks and citations omitted). The ISP is directed to serve John Doe with a copy of the subpoena and will allow them 60 days from the date of service to move this Court to either quash or modify the subpoena, and to separately request to litigate the subpoena anonymously. Plaintiff does not object to this protective order, based on the statement in its motion papers that it "respectfully encourages the Court to establish such procedures here, should the Court find it appropriate." (ECF No. 7 at 13). Thus, the Court concludes that there is good cause to issue a protective order in connection with the subpoena.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**. The Court will issue a protective order in connection with the subpoena.

Accordingly, it is hereby **ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on Verizon Fios, the ISP identified in its motion, to obtain information to identify Defendant John Doe, specifically their true name

and current and permanent address. Plaintiff shall not request any additional information, including, but not limited to, an email address or telephone number. The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

**IT IS FURTHER ORDERED** that Verizon Fios will have 60 days from the date of service of the Rule 45 subpoena upon it to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." Verizon Fios may serve John Doe using any reasonable means, including written notice sent to John Doe's last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that Defendant John Doe will have 60 days from the date of service of the subpoena to file any motion with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Verizon Fios may not turn over John Doe's identifying information to Plaintiff before the expiration of this 60-day period. If John Doe decides to contest the subpoena, John Doe shall at the same time notify Verizon Fios so that it is on notice not to release any of John Doe's contact information to Plaintiff until the Court rules on any such motion.

**IT IS FURTHER ORDERED** that if neither John Doe nor Verizon Fios contests the subpoena within the 60-day period, Verizon Fios shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

**IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely to protect its rights as set forth in its complaint.

The Clerk of Court is kindly directed to close the gavel associated with ECF No. 6.

**SO ORDERED.**

DATED: White Plains, New York
9/15/2026

VICTORIA REZNIK
United States Magistrate Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe*, 7:26-cv-07163-JGLC-VR, a case now pending before the Honorable Jessica G.L. Clarke, United States District Judge for the Southern District of New York, and the Honorable Victoria Reznik, Magistrate Judge for the Southern District of New York.
2. Attached is the Court's Order, dated September 14, 2026, which sets forth certain deadlines and procedures related to this case.
3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.
4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.
5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.
6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").
7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you

may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in

this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.